IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William A. Avinger, II, #319774, | ) CIVIL ACTION NO. 9:10-2690-JFA-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Sgt. M. Scott and Sgt. M. Lane, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 30, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 1, 2011, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. After receiving an extension of time to respond, Plaintiff filed a response in opposition to the Defendants' motion on August 17, 2011.

Defendants' motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As
(continued...)



**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendants assert in their motion, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief

---

$^{1}$(...continued)
this is a dispositive motion this Report and Recommendation is entered for review by the Court.



offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies; see Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007); and after careful review and consideration of the arguments and evidence submitted, the undersigned finds and concludes that the Defendants have met their burden of showing that Plaintiff failed to exhaust his administrative remedies as required by statute. Therefore, the Defendants are entitled to dismissal of this case.

Plaintiff alleges in his verified Complaint[2] that on September 25, 2010 he was subjected to excessive use of force by the Defendants Scott and Lane while he was in his cell, and that these Defendants thereafter failed to provide him with prompt and adequate medical attention for his injuries. Significantly, while Plaintiff further alleges that he filed a grievance concerning this matter

---

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



3

on September 29, 2010, he concedes that as of the time of the filing of his Complaint[3] he had not received a final agency/departmental/institutional answer or determination concerning his grievance. See Verified Complaint, Section II. Further, in addition to Plaintiff's own admission that he had not exhausted his administrative remedies at the time he filed this lawsuit, the Defendants have submitted an affidavit from Ann Hallman, Inmate Grievance Branch Chief with the South Carolina Department of Corrections, who attests that Plaintiff did not exhaust his administrative remedies with respect to this claim.

Hallman attests that under the SCDC grievance procedure, in order to complete the prison grievance process an inmate must file both a Step 1 and (if denied) Step 2 Grievance Form, and receive a response to the Step 2 Grievance.[4] Hallman further attests that if the Step 2 Grievance is denied, the inmate may appeal this denial to the Administrative Law Court.[5] Hallman has attached

---

[3] Plaintiff's Complaint is dated August 5, 2010, which is obviously before the incident at issue even occurred. It is assumed that this is a scrivener's error, and that Plaintiff meant to write October 5, 2010, as the mailing envelope shows that the Complaint was delivered to the prison mail room on October 12, 2010, and was received and filed by the Clerk of Court on October 20, 2010.

[4] This Court can also take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc., 425 F.2d 1296; see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

[5] However, for purposes of Plaintiff's claim, he did not need to appeal the denial of a Step 2 Grievance to the Administrative Law Court to exhaust his administrative remedies. See Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n.5 (D.S.C. 2008); Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) (recognizing that completion of Step 2 grievance exhausts administrative remedies and § 1997(a) does not require inmates to further appeal to Administrative Law Court.)); Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007).



a copy of Plaintiff's September 29, 2010 grievance (Grievance No. RCI-9441-10) to her affidavit as Exhibit B. This exhibit shows that Plaintiff's Step 1 Grievance was received by the prison on October 8, 2010 and was thereafter denied by the Warden on December 17, 2010. Plaintiff's Step 2 Grievance was thereafter filed on January 6, 2011. See Hallman Affidavit, attached Exhibit B. Plaintiff has attached a copy of his Step 2 Grievance for Grievance No. RCI-941-10 to his memorandum in opposition to summary judgment, showing that his Step 2 Grievance was denied on May 12, 2011. See Plaintiff's Exhibit, [Court Docket No. 37-2]. Hallman further attests that Plaintiff filed a second grievance, Grievance No. RCI-943-10, asserting the same complaint, which is attached to her affidavit as Exhibit C. Hallman attests that Grievance No. RCI-943-10 was also denied. See also Plaintiff's Exhibits. Plaintiff does not contest this grievance history in his response to Defendants' motion.

Hence, the evidence before the Court conclusively shows that Plaintiff filed this lawsuit prior to exhausting the prison grievance process with respect to the claim he is asserting. Under the applicable caselaw, the fact that Plaintiff may have *now* exhausted his prison administrative remedies with respect to this claim does not save this lawsuit from dismissal. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; McKinney v Carey, 311 F.3d 1198, 1199 (9th Cir. 2002)[Noting "that § 1997(c) requires exhaustion before filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation."]; Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001)["[A]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust

5



administrative remedies during the pendency of the federal suit."]. Therefore, the Defendants are entitled to dismissal of this case. See Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court-or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Cannon, 418 F.3d at 719 [Prisoner may not file a lawsuit before exhausting his administrative remedies].

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 1, 2011
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

