## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William A. Avinger, II, #319774, | ) | C.A. No.: 9:10-2690-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sgt. M. Scott and Sgt. M. Lane, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, William A. Avinger, II, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") at the Ridgeland Correctional Institute. Plaintiff contends that the defendants violated his constitutional rights by using excessive force and subsequently failing to provide prompt and adequate medical attention. The defendants have filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (ECF No. 27). The defendants contend that (1) the plaintiff has failed to exhaust his administrative remedies (2) plaintiff has failed to establish that defendants deprived him of any constitutionally protected right (3) defendants are not persons susceptible to suit under 42 U.S.C. § 1983 (4) defendants are entitled to qualified immunity (5) the doctrine of *Respondeat Superior* is not applicable under 42 U.S.C. § 1983 (6) plaintiff's claims are frivolous and should be dismissed (7) and punitive damages are not recoverable under 42 U.S.C. § 1983. The court advised the plaintiff in a *Roseboro* order of the importance of

1

his adequate response to the motion for summary judgment and the petitioner responded with a memorandum in opposition. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

The Magistrate Judge assigned to this action has prepared a Report and Recommendation and suggests that the lawsuit should be dismissed without prejudice for failure of the plaintiff to exhaust his administrative remedies. In his Report, the Magistrate Judge finds it necessary to address only the failure to exhaust defense. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

## I. Standard of Review

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the Report that have been specifically objected to, and the court is allowed to accept, reject, or modify the Report in whole or in part. *Id.* The court remains mindful that the plaintiff appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which

set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party," *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted), and summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## II. Discussion

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Booth* at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 741).

According to the SCDC procedures, in order to exhaust the administrative procedures, an inmate must file a Step 1 and, if necessary, a Step 2 grievance. The inmate must file the Step 1 grievance within fifteen (15) days of the alleged incident. If the Warden denies that appeal (Step 1), the inmate may appeal the Warden's decision with the Division Director of Operations (Step 2).[1]

The defendants argue that the complaint should be dismissed for various reasons, including failure of the plaintiff to exhaust his administrative remedies prior to filing the lawsuit. The defendants have the burden of showing that the plaintiff failed to exhaust such remedies. *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674 (4th Cir. 2005). The defendants rely on two sources to support this argument. First, they point to the plaintiff's own verified complaint (ECF No. 1) at Section II in which plaintiff admits that when he filed this complaint, he had not received a final institutional determination via the grievance process concerning the matter at issue. Second, the defendants have provided an affidavit from Ann Hallman, Inmate Grievance Branch Chief with SCDC,

---

[1] The court relies on the affidavit of Ann Hallman and the Inmate Grievance System Policy (ECF No. 27-4), submitted in support of the defendants' motion of summary judgment, which both outline these procedures. The court also takes judicial notice of previous cases filed in this court outlining the grievances procedures. *See Jenkins v. South Carolina Dept. of Corrections,* No. 05-2800, 2006 WL 1083563, *5 (D.S.C. Apr. 18, 2006).

who attests that the plaintiff did not exhaust his administrative remedies with respect to this claim.

In his response to the motion for summary judgment, plaintiff asserts that he has exhausted his available remedies. Plaintiff filed his Step 1 grievance on October 8, 2010. This case was filed on October 20, 2010.[2] At that time, the plaintiff had not received a final answer on the Step 1 grievance. Moreover, he did not file his Step 2 grievance until January 6, 2011. As the Magistrate notes in his Report, the plaintiff did not exhaust those remedies *prior to* filing this lawsuit. Though plaintiff may have now exhausted those remedies, his failure to do so prior to filing this suit requires that his case be dismissed. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) (holding that prisoner may not file lawsuit before exhausting remedies, even if he exhausts those remedies while suit is pending); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (same); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (same).

In his objection to the Magistrate's Report (ECF No. 45), plaintiff asserts that he was denied proper access to the courts in preparing his case. Plaintiff appears to argue that the prison's system of providing access to legal materials is insufficient.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court determined that prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. While *Bounds* guarantees inmates access to courts, that right does not require the state "to enable the prisoner to

---

[2] Plaintiff's complaint is dated August 5, 2010, which is before the alleged incident occurred. The court assumes that this is a scrivener's error because the complaint was delivered to the prison mail room on October 12, 2010 and received by the Clerk of Court on October 20, 2010. It is assumed the plaintiff intended to write October 5, 2010.

*discover* grievances, and to *litigate effectively* once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The decision merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989); *Strickler v. Waters*, 989 F.2d 1375, 1382-85 (4th Cir. 1993). A plaintiff must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such an actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353-54.

In this case, plaintiff asserts his access-to-courts argument as an objection to the Magistrate's report recommending that the court dismiss the claim for lack of subject matter jurisdiction because the plaintiff did not exhaust his administrative remedies. Since the court dismisses plaintiff's complaint without prejudice on the grounds recommended by the Magistrate, plaintiff's access-to-courts argument is misplaced. As a result, plaintiff's objections contain only generalized statements about the quality of the library and his ability to access it, and he does not make specific allegations that are required to demonstrate an actual injury. Plaintiff did not allege a deprivation of his

constitutional right of access to courts in his complaint. His objections are hereby overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference.

The court finds that the plaintiff has failed to properly exhaust his administrative remedies, thus his claims are dismissed without prejudice. The defendant's motion for summary judgment is granted in part only to the extent that it seeks the dismissal of the plaintiff's claims for the failure to exhaust.


IT IS SO ORDERED.

November 28, 2011                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge